The next case today is 524-0639, People v. Conner. Arguing for the appellant is Antonio Madrigal, Jr. Arguing for the appellee is Hiram Bindrak. Each side will have 10 minutes for their argument. The appellant will also have 5 minutes for rebuttal. Please note, only the clerk of the court is permitted to record these proceedings today. Afternoon, counsel. Good afternoon. As you can see, Justice Barberis is not present. He will be listening to recording of the oral arguments in this case and will be participating in the disposition. With that said, appellant, if you are ready to proceed, you may do so. Your honors, counsel, and may it please the court. My name is Antonio Madrigal with the Office of the State Appellate Defender on behalf of Mr. Manolito Conner in this matter. We ask this court to reverse and remand this matter for further post-conviction proceedings because Mr. Conner has met the pleading standard under the Post-Conviction Hearing Act where he met the low threshold by pleading the gist of his constitutional claim. This warrant passes to at least the second stage of post-conviction proceedings. We respectfully submit that the trial court's ruling was an error. The law does not require such a specific diagnosis to assert a claim of constitutional significance. This is specifically when it comes to mental deficiencies that directly affect a petitioner's ability to understand the proceedings before them or assist in their defense. Your honors, at the first stage of post-conviction proceedings, the petitioner is not required to meet the same burden of proof that he would at trial and the court must accept the allegations in this petition as true and construe them liberally unless the petition is frivolous or meritless. At this stage, the petitioner need only set forth a claim that if proven would entitle the defendant to relief. The threshold is low at the trial court level to survive the passage to further stages of post-conviction relief. We submit that the petitioner here does meet this threshold. The failure to specifically identify a precise diagnosis, while it's important in some contexts, should not be the decisive factor in determining whether Mr. Conner has met the pleading standard on the first stage of post-conviction proceedings. Well, counsel, in the petition here, wasn't it correct, there were no specific facts about what medications he was taking, how they impacted his mental state and decision-making, or how they rendered him unfit? There's just no facts. Your honor, we respectfully disagree. We believe that there was enough facts, and if you look at the petition here, this would be in the common law, page 40, I believe 44 in the third paragraph. He said he entered in his guilty plea unknowingly and involuntarily because he was under doctor's medications for his mental disabilities, and the court should not accept this plea without examination by doctors. We believe this is enough because the record supports this, and through many witnesses during the sentencing, it was evident that Mr. Conner was mentally unwell because the record supports it in that the mental health specialist said Mr. Conner even tried to commit suicide when he was in custody. The trial judge even recognized that Mr. Conner had, quote, does have mental health issues, and that's more than clear to the court, unquote. Even at sentencing, Mr. Conner's sister-in-law told the court that Mr. Conner would periodically make weird noises and act very differently. But counsel, in terms of his mental health issues, there was a time delay between the suicide attempt and his various health issues from the time of his actual plea, right? And there was some testimony there that he had been on his meds, and if I'm not mistaken, I don't want to use the wrong words, but that his situation had essentially, oh, not rectified, but he was doing well. He was doing better. Would that be accurate? I would agree with you on that one. But at this stage, we're talking about the pleading standard for the Post-Conviction Hearing Act. We're not deciding the issue on the merits. That would be for second stage or third stage post-conviction proceedings. We're just here to determine whether he met the gist of a constitutional claim. And we took the position that he did, and it was clear. Now, our Supreme Court has made it clear that because most petitions are drafted at this stage from pro se petitioners with little legal knowledge or training, the threshold for survival to the second stage of post-conviction is low. The petition only needs to allege enough facts to make out a claim that is arguably constitutional for purposes of invoking the act. Now, Illinois President states that the court cannot expect legal draftsmanship of a pro se petition, and to do so would be contrary to the established precedent in people v. Hodges. Now, Your Honor, the case law supports the position that a lack of specific diagnosis doesn't necessarily defeat a post-conviction claim. Now, in our briefs, we cited people v. Brown, where the Illinois Supreme Court reaffirmed that a petition for post-conviction must be viewed liberally, particularly when the petitioner is alleging violations of constitutional rights that go to fairness of the proceedings. In Brown, the petitioner was taking prescribed medications for his bipolar disorder and depression. He told his attorney that he was taking this medication. Now, the court held that his allegations in this petition were not contradicted by the record and could not be frivolous. Here, it's evident that Mr. Conner was mentally unwell. Now, we agree with Justice McHaney that there wasn't specific medications alleged in his petition, but from the record, before sentencing hearing, Mr. Conner's attorneys corrected the PSI to include that he was on some sort of cocktail of medications. He was on an antidepressant medication, a prescribed sleeping pill, on top of his already prescribed blood pressure medication. That, coupled with the trial judge acknowledging that he was mentally unwell and the mental health specialist saying that he tried to commit suicide when he was in custody, and also that he would need further mental health counseling, this supports his allegations in this petition. Now, similarly, we also cited People v. Spivey, where the court ruled that the trial court improperly dismissed the defendant's petition, because when construed liberally, a court may reasonably infer that the extent of the defendant's violations provided for an inference of irrational behavior. The court didn't require a specific medical diagnosis at the pleading stage, but instead allowed the petition to proceed because the claim was corroborated by the facts in the record. But, Counsel, wasn't Spivey, though, in relationship to a request for a fitness hearing, though, correct? Yes, Your Honor, it was. There was no allegation that a fitness hearing wasn't requested. In fact, I think there was a fitness hearing here, wasn't there? No, there was not a fitness hearing. There was not, but certainly he does talk about in his petition about he was unfit for trial, but this was because he was on prescribed doctor's medications and he had his own mental disabilities contributed to that. All right, but there was no allegation that the counsel was ineffective for denying to file a motion for fitness, correct? Correct. Okay, thank you. Mr. Conner is not required to have a specific diagnosis at this stage. Rather, the petition should be sufficient to show that his claim is plausible and requires further examination. Now, post-conviction petitions are not the appropriate forum for resolving, at the first stage, for resolving factual disputes about diagnosis. This is better resolved and left for the second and third stages of the process. At this stage, all that is required is that the petition present a plausible claim that warrants further investigation. This is appropriate even at the second stage, where Mr. Conner can have counsel appointed and help him shape his petition. The failure to include a specific diagnosis doesn't preclude the possibility that such further inquiry on Mr. Conner's claims will be conducted later, once the court has determined that an evidentiary could even be warranted. Ultimately, the question here is one of fundamental fairness. Mr. Conner is entitled to a meaningful opportunity to challenge the constitutional violations that may have occurred when he entered his agreement and at sentencing. Mr. Conner did not take up direct appeal, and this is his only avenue of seeking relief right now. And for those reasons, we respectfully ask this court to reverse and remand for further post-conviction proceedings. Thank you, Your Honors. Any further questions, Justice Schiller? No, not at this time. Thank you, Counsel. You'll be given time for rebuttal. Happily, you may proceed. Good afternoon, Your Honors. This is Hiram Fenjack representing the state in this matter. In this case, the trial court correctly dismissed the defendant's post-conviction petition at the first stage, as he failed to state the gist of a constitutional claim that his guilty plea was not knowing and voluntary due to the effects of his medications. While the first-stage standard under the Act is admittedly low, it still requires a petitioner to provide some factual basis for their claim. Here, the defendant's petition contained vague and conclusory allegations that unspecified medications affected his ability to knowingly plead guilty. However, the defendant's petition failed to identify any specific medications he was taking at the time he entered his plea, any mental health diagnoses, how these medications may have affected his ability to understand the proceedings, and any specific cognitive impairments caused by these medications. The case law the defendant cites in support, Brown and Spivey actually highlight the lack of factual specificity in his own petition. In Brown, the defendant specified that he was diagnosed with bipolar disorder, identified his medications, and attached medical records in support. In Spivey, the defendant also identified the specific medications he was on and provided supporting medical records. Furthermore, beyond the lack of detail in his petition, the defendant's claims are rebutted by the record. The testimony of the jail mental health specialist established that while the defendant was initially confused and very distressed right after his arrest, his understanding had significantly improved by the time of the plea hearing. At the plea hearing itself, the defendant affirmed multiple times that he understood the court's admonishments and stated that his plea was voluntary. Additionally, the defendant stated in the pre-sentence investigation report, which was filed just two months after his guilty plea, that he considered himself to be emotionally healthy, denied having any difficulty controlling his anger, and reported no concerns regarding his mental health and did not feel the need for counseling or treatment. These statements directly contradict his claim that his mental health rendered him unable to understand knowingly and voluntarily enter his guilty plea. Regarding the lack of supporting documentation for his claim, the defendant notes that he explained in the petition that he was unable to obtain such records without additional assistance. While the act does provide that supporting evidence, the requirement for supporting evidence may be excused if the petitioner explains in the petition why such documentation is not attached. This does not eliminate the need to provide some minimal factual basis for the claim itself. Even without medical records or other evidence, the defendant still could have provided at least some basic information underpinning his claim, such as identifying his medication, describing its effects, or detailing how the medication impaired his understanding. In conclusion, the trial court properly dismissed the defendant's petition because it was based on vague conclusory allegations without factual support. Even at the low threshold, the first stage of review, more than a bare assertion about unspecified medications is required. Further, when the defendant's minimal allegations are viewed alongside the contrary evidence in the record, particularly his own statements about being emotionally healthy, it's clear that the petition was frivolous and patently without merit. Therefore, this court should affirm the trial court's summary dismissal of the defendant's post-conviction petition. Thank you, Your Honors. Any further questions, Justice Schiller? No, thank you. All right, thank you, Counsel Roberto. Yes, Your Honors. What the state here tried to say is that the petition specifically did not have enough documents to support Mr. Conner's claims. But he does explain in his affidavit that he had lack of library time, and he believed that there was material discovery exhibits that would have helped him prove his allegations. And then that's why he requested post-conviction counsel. This would be given to him if passed to the second stage of his proceedings. That's why he couldn't attach more documents. And this would suffice under at least the first stage of the post-conviction proceedings. To require more strict – what the state would want here is to specifically impose a strict pleading standard at the first stage of post-conviction. This is contrary to what the Illinois legislature and our Supreme Court president had established in People v. Hodges. This stage of the proceedings is low. This is specifically meant for pro-state defendants who have little to legal knowledge or training to pass the first stage of post-conviction proceedings. To impose such a strict pleading standard would be contrary to what the Act is all about. And for those reasons, we respectfully ask this court to reverse the remand for further post-conviction proceedings. Any final questions, Justice Shiller? No, thank you. All right. Gentlemen, thank you both very much for your arguments. We will take this matter under advisement, issue a ruling in due course. Thank you.